IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CAROL LEE WRIGHT,**

    **Plaintiff,**

Case No.: 2:12-cv-14762
Hon. Nancy G. Edmunds

v

**OCWEN LOAN SERVICING, LLC,**

    **Defendant.**

_____/

| LAW OFFICES OF BRIAN P. PARKER, PC | HERTZ SCRAM PC |
|---|---|
| Brian P. Parker (P48617) | Kenneth F. Silver (P35546) |
| Attorney for Plaintiff | Deborah S. Lapin (P59027) |
| 30600 Telegraph Rd., Ste. 1350 | Attorneys for Defendant |
| Bingham Farms, MI 48025 | 1760 S. Telegraph Road, Ste. 300 |
| Tel: (248) 642-6268 | Bloomfield Hills, MI 48302 |
| Fax: (248) 642-8875 | (248) 335-5000 |
| brianparker@collectionstopper.com | dlapin@hertzschram.com |
| www.collectionstopper.com | ksilver@hertzschram.com |

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff, by and through her attorneys, and in response to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), denies the allegations contained in Defendant's motion and requests that this Honorable Court deny the relief requested therein for reasons stated in the attached brief.

Dated:  January 2, 2013

                                                      Respectfully submitted,

                                                    _____s/Brian P. Parker_____
                                                    BRIAN P. PARKER (P48617)
                                                    Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LEE WRIGHT,

    Plaintiff,

Case No.: 2:12-cv-14762
Hon. Nancy G. Edmunds

v

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 1350
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
brianparker@collectionstopper.com
www.collectionstopper.com

HERTZ SCRAM PC
Kenneth F. Silver (P35546)
Deborah S. Lapin (P59027)
Attorneys for Defendant
1760 S. Telegraph Road, Ste. 300
Bloomfield Hills, MI 48302
(248) 335-5000
dlapin@hertzschram.com
ksilver@hertzschram.com

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

In support of her Response to Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), Plaintiff states as follows:

## I. TABLE OF CONTENTS

I. TABLE OF CONTENTS ................................................................................................3
II. INDEX OF AUTHORITIES .........................................................................................3
III. STATEMENT OF FACTS.............................................................................................4
IV. STANDARD OF REVIEW ............................................................................................5
V. ARGUMENT ..................................................................................................................5
   a. Ocwen is a Debt Collector...........................................................................................5
   b. Ocwen Continued to Contact Plaintiff Directly After Being Aware She Was Represented by an Attorney With Respect to the Debt ................................................6
   c. Ocwen's Robocalls Fail to Disclose They Are From a Debt Collector .......................8
   d. Ocwen Failed to Validate the Debt or Cease and Desist Communications................11
VI. CONCLUSION ............................................................................................................12

## II. INDEX OF AUTHORITIES

**Cases**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)...............................6
*Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010) ....................................................6, 7
*Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355 (2012)...........................................................6
*Bridge v. Ocwen Federal Bank, FSB*, 681 F.3d 355, 361 (2012)..................................................13
*Chalik v Westport Recovery Corp.*, 677 F Supp 2d 1322 (SD Fla 2009) ....................................11
*Drossin v Nat'l Action Financial Services, Inc.*, 641 F Supp 2d 1314 (SD Fla 2009) .................10
*Edwards v Niagara Credit Solutions, Inc*, 586 F Supp 2d 1346, 1359 (ND Ga 2008) ................11
*Foti v NCO Fin Syss, Inc*, 424 F Supp 2d 643, 667 (SDNY 2006) ...............................................9
*Glover v Client Services, Inc*, Case No 1:07-cv-81, *5 (WD Mich Oct 2, 2007)....................10, 11
*Gryzbowski v I.C. System, Inc*, 691 F Supp 2d 618 (MD Pa 2010) ............................................10
*Hosseinzadeh v M.R.S. Assoc, Inc*, 387 F Supp 2d 1104, 1116 (CD Cal 2005)..........................11
*Hosseinzadeh v. M.R.S. Assoc., Inc.*, 387 F.Supp.2d 1104, 1111-12 (C.D. Cal. 2005)................10
*Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).......11
*Leyse v Corporate Collection Servs, Inc*, 2006 WL 2708451, *5 (SDNY Sept 18, 2006) ..........11
*Osborn v EKPSZ*, No H-10-2252, (SD Texas Sept 26, 2011) .....................................................10
*Powers v. Professional Credit Services, Inc.*, 107 F.Supp.2d 166 (N.D.N.Y 2000) ......................7
*Pressley v. Capital Credit & Collection Serv.*, 760 F.2d 922 (9th Cir. 1985)................................9
*Ramirez v Apex Fin Mgmt, LLC*, 567 F Supp 2d 1035, 1041 (ND Ill 2008)...............................11
*Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536-39 (7th cir. 2003) ...............................6
*Watson v NCC Recovery, Inc*, Case No 1:11-cv-101 (ND Ohio Aug 2, 2011) ...........................10

**Statutes**

15 U.S.C. § 1692c(a)(2)..................................................................................................................8
15 U.S.C. § 1692e(11) .............................................................................................................9, 12
15 U.S.C. § 1692g(5)(b) ..............................................................................................................12

15 U.S.C. § 1692k(a) ..........................................................................................................11
**Other Authorities**
FTC Staff Commentary, 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988) ....................................12
**Rules**
Fed. R. Civ. P. 12(b)(6) ...........................................................................................................5

### III. STATEMENT OF FACTS

On January 18, 2005, Plaintiff executed a promissory note ("Note") and Mortgage Agreement ("Mortgage") to purchase her home at 7290 Reber, Shelby Township, Michigan 48317 ("Subject Property"). Shortly after its execution, the Note was securitized into a Real Estate Mortgage Investment Conduit ("REMIC") trust named Freemont Home Loan Trust 2005-C (the "Trust") to which HSBC Bank USA, National Assocation ("HSBC") was the trustee. In approximately June 2008, Litton Loan Servicing ("Litton") became the servicer.

Plaintiff allegedly defaulted on the terms of the Note in May 2009. On April 18, 2011, the original mortgagee Mortgage Electronic Registration Systems, Inc. ("MERS") assigned the mortgage to HSBC as trustee for the Trust **(Exhibit 1)**. HSBC and its foreclosure counsel, Trott & Trott, P.C. ("Trott") began foreclosure proceedings.

On November 4, 2011, Ocwen sent Plaintiff an initial debt collection letter after it took over as servicer of the loan **(Exhibit 2)**. The letter states at the bottom that "[t]his Communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose." The letter provides an accounting of the "Total due." It talks about "the current unpaid debt." Further, it advises Plaintiff that further costs may be added "during the period prior to the receipt *of your payment.*" (emphasis added). The letter further **advises Wright that she has 30 days to dispute the debt and seek validation**. The letter seeks "collection costs" of $9,317.63 to which Wright never agreed to be held accountable.

Wright requested validation. On or about November 30, 2011, Wright wrote Ocwen

4

seeking validation and verification of the debt **(Exhibit 3)**. The letter requests Ocwen to cease and desist collection activity. Ocwen received the letter on December 1, 2011. Despite receiving the letter, Ocwen continued to contact Wright through its auto-dialer system with numerous phone calls which left messages stating "This call is from Ocwen Loan Servicing. Please give us a call back at 1-800-746-2936. Thank you and have a nice day."[1] These calls continued *even after her October 10, 2012 case was initiated*, prompting this second lawsuit whereby Wright has sued Ocwen for calling after knowing her to be represented by an attorney under a different section of the FDCPA in addition to other claims.

Ocwen never responded to the validation request. After Wright filed this second lawsuit on or about October 26, 2012, Ocwen finally ceased calling Wright and has since removed her from the auto-dialer system.

## IV. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes a Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." The Court must accept the plaintiff's well-pleaded allegations as true and construe each of them in a light most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). In order to survive, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

## V. ARGUMENT

### a. Ocwen is a Debt Collector

Defendant does not appear to dispute its status as a debt collector in its Motion to Dismiss or that it is the servicer (and not the creditor) of the loan. In any event, Ocwen is a debt collector when it is acting as a servicer--the 6th Circuit recently spoke directly to this point in *Bridge v.*

---

[1] Wright has recordings of several of these calls.

5

*Ocwen Federal Bank, FSB,* 681 F.3d 355 (2012) ("we do not accept Defendants' argument that, even if they are not creditors under the Act, neither are they debt collectors. It would thwart the purpose of the Act to find that a non-originating debt holder is neither a creditor nor a debt collector based on that defendant's adoption of contradictory factual positions."); see also *Allen v. Bank of America Corp.,* No. CCB-11-33, 2011 WL 3654451 at *7 n.9 (D. Md. Aug. 18, 2011) (citing *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534, 536-39 (7th cir. 2003)). Additionally, the mortgage was allegedly in default when Ocwen became servicer.

### b. <u>Ocwen Continued to Contact Plaintiff Directly After Being Aware She Was Represented by an Attorney With Respect to the Debt</u>

On or about October 10, 2012, Plaintiff filed her lawsuit against Ocwen. Ocwen was served with the lawsuit on October 12, 2012 **(Exhibit 4)**. Despite being served with the lawsuit concerning this debt which included a copy of Plaintiff's previously mailed cease and desist letter and with Plaintiff's attorney's information on the caption, Ocwen continued placing robocalls to Plaintiff's home for more than two more weeks. When Plaintiff filed this lawsuit on October 26, 2012, Defendant was still calling her with robocalls. Plaintiff has recordings and a transcriptions of each call from October 12, 2012 through October 19, 2012 and will have further transcriptions shortly **(Exhibit 5)**.[2] For purposes of this motion, the Court must accept the plaintiff's well-pleaded allegations as true and construe each of them in a light most favorable to it. *Bennett v. MIS Corp.,* 607 F.3d 1076, 1091 (6th Cir. 2010).

Ocwen makes the disingenuous argument that it did not have "actual knowledge" that Plaintiff was represented by an attorney. First, this is simply a lie. Defendant was served at its resident agent address on or about October 12, 2012 and so had actual knowledge at that time **(see Exhibit 4)**. Second, there is a split amongst courts between knowledge meaning "actual

---

[2] Plaintiff will need to make an additional request from Vonage for further calls from October 20 through present, but has alleged in her Complaint that calls continued until after this Complaint was filed.

knowledge" verses "imputed knowledge," even within the same district that Defendant cites its case. See e.g. *Powers v. Professional Credit Services, Inc.,* 107 F.Supp.2d 166 (N.D.N.Y 2000) ("Contrary to Defendant's assertion, the statute does not require that the debt collector have 'actual knowledge' of plaintiff's legal representation.")

Defendant goes on to cite case law saying that a creditor's knowledge should not be imputed on the debt collector. However, Ocwen was sued directly with the October 10, 2012 lawsuit. Plaintiff is not attempting to impute the creditor's knowledge. Ocwen itself had actual knowledge that Plaintiff was represented by an attorney on October 11, 2012. Further, Ocwen received Plaintiff's validation, verification and cease and desist letter directly **(See Exhibit 3)**. Ocwen's case law is inapplicable here.

Defendant again goes on to cite further case law that is equally inapplicable--case law that states that when a consumer is represented by an attorney with respect to one debt, that the consumer is not necessarily represented with respect to other debts. **There is only one debt in this matter.**

A debt collector may not communicate with a consumer "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address..." 15 U.S.C. § 1692c(a)(2). In this matter, there is a clear violation of the statute. Defendant was sued with the original lawsuit on or about October 10, 2012, which included Plaintiff's attorney's information. For weeks, Defendant continued to contact Plaintiff directly with regard to the debt. Defendant appears to agree that being served with a lawsuit "may notify the creditor it has been sued." Doc. #7, Defendant's Brief at 11. If it is good enough to notify a creditor when the creditor is sued, it is good enough to notify the servicer when the servicer has been sued. The lawsuit clearly shows Plaintiff's

7

attorney on the caption and shows Plaintiff to be represented by that attorney with respect to this debt.

Defendant's attempt to show that its calls were not in connection with the collection of a debt is similarly disingenuous. There is nothing other than this particular debt in which Plaintiff and Defendant conduct business with one another. Further, Defendant argues against its own point, saying that whether the communication is in connection with the debt is a matter of "objective fact, to be proven like any other fact." Doc. #7, Defendant's Brief at 19. Plaintiff agrees. Whether the calls were placed in connection to the debt is a matter of objective fact to be determined by the trier of fact.

### c. Ocwen's Robocalls Fail to Disclose They Are From a Debt Collector

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and **the failure to disclose in subsequent communications that the communication is from a debt collector,** except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11) (emphasis added).

Plaintiff makes the clear allegation that Defendant's autodialer system violates this subsection of the FDCPA by failing to disclose that it is from a debt collector and any information obtained will be used for that purpose. Ocwen's autodialer messages state only that "[t]his call is from Ocwen Loan Servicing. Please give us a call back at 1-800-746-2936. Thank you and have a nice day." It does not give the required warnings nor it is "obviously come from a debt collector," as the 9th Circuit had ruled in the *Pressley* case.

Defendant seems to argue that it was not required to disclose in its messages that it was a debt collector because Wright knew, or should have known, that Ocwen was a debt collector.

8

Ocwen then misquotes and paraphrases the 9th Circuit opinion of *Pressley v. Capital Credit & Collection Serv.*, 760 F.2d 922 (9th Cir. 1985) to support its argument.

Defendant's argument lacks merit. There is no basis in the statute itself for such a ruling nor is there any authority in this Circuit for such a ruling. On the contrary, courts coming across the exact same scenario brought up in this case agree that debt collectors must identify themselves as a debt collector in voicemail recordings. It is talked about in FDCPA litigation as the "Foti rule" after the case first deciding the issue. See *Foti v NCO Fin Syss, Inc*, 424 F Supp 2d 643, 667 (SDNY 2006). In *Foti*, it was determined that an oral message left on an answering machine was a "subsequent communication" requiring meaningful disclosure that the debt collector was attempting to collect a debt. The *Pressley* decision is a different type of decision, discussing instead how much information in a subsequent *written* communication is sufficient to satisfy the e(11) rule. Unlike the *Pressley* case where the subsequent communication was written, had an account number, the amount owed, the original creditor and a host of information concerning the debt, there is virtually no information left on Plaintiff's answering machine in this case.

The only case in the 6th Circuit directly citing *Foti* is the case of *Watson v. NCC Recovery, Inc.,* Case No. 1:11-cv-101 (N.D. Ohio Aug. 2, 2011) **(Attached as Exhibit 6)**. In *Watson*, the Court agreed that "[a] phone call is sufficient to qualify as a communication..." in determining whether meaningful disclosure was required in an answering machine message. *Watson* at 5.

Another court in this circuit reaches the same conclusion without citing *Foti*, but offers a more thorough analysis. "The statutory provision quoted above makes it illegal for a debt collector to place a telephone call to a debtor without meaningfully disclosing its identity."

9

*Glover v. Client Services, Inc,* Case No. 1:07-cv-81, *5 (W.D. Mich. Oct. 2, 2007) **(Exhibit 7)**. The FDCPA "does not make any distinction between pre-answer and post-answer communications." *Id*. The *Glover* Court also makes clear that "[t]o comply with this requirement, the individual telephoning the debtor must state 'his or her name and capacity' and 'disclose enough information so as not to mislead the recipient as to the purpose of the call.'" *Glover* at 5. The Glover Court further cites *Hosseinzadeh v. M.R.S. Assoc., Inc.,* 387 F.Supp.2d 1104, 1111-12 (C.D. Cal. 2005), which is a typical example of a *Foti* case.

A great majority of courts around the country apply the *Foti* rule and those decisions should be highly persuasive here. In each case, Courts determined that recorded messages that do not provide the "mini-miranda" warnings, despite not providing information regarding the specific debt, constituted a communication and violation of the FDCPA. See e.g. *Gryzbowski v I.C. System, Inc,* 691 F Supp 2d 618 (MD Pa 2010) (Applying *Foti*); Osborn v EKPSZ, No H-10-2252, (SD Texas Sept 26, 2011) (Applying *Foti*); *Drossin v Nat'l Action Financial Services, Inc.,* 641 F Supp 2d 1314 (SD Fla 2009) (Applying *Foti*); *Leyse v Corporate Collection Servs, Inc,* 2006 WL 2708451, *5 (SDNY Sept 18, 2006) (Applying *Foti*); *Hosseinzadeh v M.R.S. Assoc, Inc,* 387 F Supp 2d 1104, 1116 (CD Cal 2005) (defendant's messages failed to convey its status as a debt collector, in violation of FDCPA); *Edwards v Niagara Credit Solutions, Inc,* 586 F Supp 2d 1346, 1359 (ND Ga 2008) ("The majority of courts that have addressed this issue have concluded that messages from a debt collector left on a consumer's voicemail or answering machine requesting that the consumer call a phone number regarding an `important matter' (or similar such language) may be considered `communications' under the FDCPA . . . ."); *Ramirez v Apex Fin Mgmt, LLC,* 567 F Supp 2d 1035, 1041 (ND Ill 2008) ("messages left on a debtor's answering machine can be considered indirect communications regarding the debt, even if the

debt collector fails to expressly mention that the call pertains to collection, payment, deadlines or any other observable characteristics of a collection call. Any other interpretation would require a claimant to prove, without exception, that the debt collector conveyed direct information about the debt. This is not what the statute calls for, and this is not the first time such a narrow interpretation of the statute has been rejected"; citing, among other authorities, *Foti*); *Chalik v Westport Recovery Corp.*, 677 F Supp 2d 1322 (SD Fla 2009) ("Courts generally consider voice mail messages from debt collectors to be 'communications,' even if the messages do not state what the calls are regarding").

The vast weight of authority around the country and, in particular, *Glover v Client Services, Inc,* Case No 1:07-cv-81, *5 (WD Mich Oct 2, 2007) **(Exhibit 7)**, requires a reading of the statute to include voice mail messages as "subsequent communications." It makes no difference whether Plaintiff knew that Ocwen was or was not a debt collector. The FDCPA is a "strict liability statute." *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 438 (6th Cir. 2008) (citing 15 U.S.C. § 1692k(a)). Defendant did not leave enough information in the message. "To comply with this requirement, the individual telephoning the debtor must state 'his or her name and capacity' and 'disclose enough information so as not to mislead the recipient as to the purpose of the call.'" *Glover* at 5. Defendant did not comply with 15 U.S.C. § 1692e(11) when it left messages on Plaintiff's answering machine or those similarly situated with Plaintiff.

### d. Ocwen Failed to Validate the Debt or Cease and Desist Communications

Plaintiff's allegations regarding Defendant's failure to validate the debt are clear and straightforward, showing violation of 15 U.S.C. § 1692g(5)(b) and e(10). The statute states:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or

that the consumer requests the name and address of the original creditor, **the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment,** or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(5)(b) (emphasis added).

Plaintiff clearly requests this validation and verification, states she disputes it, requests information about the debt and states that Ocwen should cease and desist collection activities. **(See Exhibit 3).** As alleged by Plaintiff in her complaint, Ocwen simply did not respond and instead continued calling Plaintiff and pursuing collection. Nowhere in Ocwen's brief does it state that it validated/verified the debt, nor can Ocwen make such a claim. Validation and verification simply never occurred.

A "debt collector must verify a disputed debt even if he has included proof of the debt with the first communication, because the section is intended to assist the consumer when a debt collector inadvertently contacts the wrong consumer at the start of his collection efforts." FTC Staff Commentary, 53 Fed.Reg. 50097-02, 50106 (Dec. 13, 1988); see also *Bridge v. Ocwen Federal Bank, FSB,* 681 F.3d 355, 361 (2012).

## VI. <u>CONCLUSION</u>

It is unfortunate that Defendant continued to harass Plaintiff despite being served by a lawsuit, necessitating a second lawsuit. However, Defendant has no one to blame but itself. Defendant's continued harassment has finally stopped at this point, but it is not absolved from its prior violations. Despite being directly notified through both a cease and desist letter and through a lawsuit filed by Plaintiff's attorney, Ocwen continued to squarely violate the FDCPA.

WHEREFORE, Plaintiff requests that this Court deny Ocwen's motion in its entirety.

                                  Respectfully submitted,

Dated: January 2, 2013

                                    _____s/Brian P. Parker_____
                                  BRIAN P. PARKER (P48617)
                                  Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LEE WRIGHT,
On Behalf of Herself
and All Others Similarly Situated,

      Plaintiff,

v

OCWEN LOAN SERVICING, LLC,

      Defendant.

Case No.: 2:12-cv-14446

Hon. Julian Abele Cook

_____/

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 1350
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
brianparker@collectionstopper.com
www.collectionstopper.com

HERTZ SCRAM PC
Kenneth F. Silver (P35546)
Deborah S. Lapin (P59027)
Attorneys for Defendant
1760 S. Telegraph Road, Ste. 300
Bloomfield Hills, MI 48302
(248) 335-5000

_____/

## PROOF OF SERVICE

    The undersigned certifies that she filed **Plaintiffs' Response To Defendant OCWEN Loan Servicing, LLC's Motion To Dismiss Plaintiff's Complaint Pursuant To Fed.R.Civ.P. 12(b)(6)** and this Proof of Service by electronic means and e-served a copy to Trott & Trott, P.C., Charles L. Hahn, Esq., 31440 Northwestern Hwy, Ste. 200 Farmington Hills, MI 48334-2525 by electronic means on January 2, 2013, at Bingham Farms, Michigan.

    "I declare under penalty of perjury that the above statement is true to the best of my information, knowledge and belief."

                                      /s/ Dana Powers
                                      Dana Powers