UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL LEE WRIGHT,

       Plaintiff,

v.

OCWEN LOAN SERVICING, LLC,

       Defendant.

Case No. 12-14762
Honorable Julian Abele Cook, Jr.

## **ORDER**

In this civil action, the Plaintiff, Carol Wright, complains that the Defendant, Ocwen Loan Servicing, LLC ("Ocwen Loan"), violated the Fair Debt Collection Practices Act ("FDCPA") by improperly contacting her and failing to respond to her request for a validation of her loan. Currently before the Court is Ocwen's motion to dismiss Wright's claims pursuant to Fed. R. Civ. P. 12(b)(6).

I.

In January of 2005, Wright received a loan from the Fremont Investment & Loan Company ("Fremont Investment") to purchase a home in Shelby Township, Michigan. In conjunction with this loan process, she executed a promissory note in the sum of $238,500.00 that was secured by a mortgage against her newly acquired property. This note was granted in favor of Mortgage Electronic Registration Systems, Inc. as the nominee for Fremont and its successors and assigns. In July 2005, her note was sold to Real Estate Mortgage Investment Conduit trust for which HSBC Bank is the trustee. In June 2008, Litton Loan Servicing ("Litton") began servicing Wright's loan.

According to Ocwen Loan, foreclosure proceedings against Wright were initiated in May 2009 because Wright had defaulted under the terms and conditions of her note and the mortgage. On April 18, 2011, the mortgage was assigned to HSBC, who continued the foreclosure proceedings with Trott & Trott, P.C. ("Trott"), its foreclosure counsel. On May 18, 2011, Wright filed a lawsuit, in which she disputed HSBC's right to bring foreclosure proceedings and alleged numerous violations of the FDCPA.

On November 4, 2011, Wright received a letter which informed her that Ocwen Loan had become the new servicer of her loan. The letter also provided a summary of her debt and information that she could use to contact Ocwen Loan and its agents, including customer care coordinators and relationship managers. It explains that Wright may request verification of the validity of the debt summarized in the letter within thirty days of her receipt of the letter. Below the body of the letter is written the following disclaimer: "This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose."

In response, Wright mailed Ocwen Loan a letter on or about November 30, 2011 which requested verification of the debt. It was received by Ocwen Loan on December 1, 2011. Wright asserts that, despite her request for verification, she continued to receive telephone phone calls and letters from Ocwen Loan. These communications did not explicitly mention that Ocwen Loan is a debt collector.

On March 29, 2012, Wright's initial lawsuit to contest foreclosure proceedings was dismissed. On October 8, 2012, Wright filed a lawsuit against Ocwen Loan, in which she complained that (1) Ocwen failed to verify her debt after it received her request; (2) the phone calls from Ocwen Loan failed to identify it as a debt collector; and (3) the initial letter from Ocwen Loan

2

attempted to collect impermissible "collection costs."

Approximately three weeks later, on October 26, 2012, Wright filed this second lawsuit suit against Ocwen Loan, alleging that it did not stop making efforts to communicate directly with Wright. According to Wright, the filing of this second lawsuit ended Ocwen Loan's communication efforts. In response to the lawsuit, Ocwen Loan filed a motion to dismiss.

## II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the plaintiff's well-pleaded allegations as true and construes each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the

pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

### III.

In her complaint, Wright alleges the following violations of the Fair Debt Collections Act: (1) Ocwen Loan left multiple telephone voicemails which did not indicate that it is a debt collector, in violation of 15 U.S.C. § 1692e(11); (2) After Wright requested validation of her debt, Ocwen Loan continued to contact her without first responding to the validation request, in violation of 15 U.S.C. § 1692g(a), (b); and (3) Even after Ocwen Loan was aware that Wright is represented by an attorney, it continued to contact her directly, in violation of 15 U.S.C. § 1692c(a)(2). Wright contends that each of these violations fails to state a claim for which relief can be granted.

    A.    <u>Violation of § 1692e(11)</u>

Wright first submits that Ocwen Loan violated § 1692e(11) of the FDCPA by leaving voicemails on her phone which failed to inform her that it is a debt collector. In its motion to dismiss, Ocwen Loan contends that section 1692e(11) does not apply to the voice mails because they were merely follow-up communications to the November 4, 2011 letter, which clearly states that it is a debt collector. Wright, on the other hand, maintains that the statute requires that all "subsequent communications" - including the voice mails - must disclose Ocwen Loan's identity as a debt collector regardless as to whether this fact had been disclosed to her at an earlier time.

"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Subsection 11 identifies the following conduct as a violation of this directive:

> The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

15 U.S.C. § 1692e(11).

First, Ocwen Loan asserts that the Court must determine whether the voice mails were "deceptive" or "misleading" by applying the "least sophisticated debtor standard." *See Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999). According to Ocwen Loan, a less sophisticated consumer should have understood that it and the "Ocwen" in the voice mail were one and the same entity. This argument misses the mark. The "least sophisticated debtor standard" is used by courts to determine whether "language used by a debt collector is deceptive or misleading." *Grden*, 643 F.3d 169, 172 (6th Cir. 2011). In this case, the issue is not whether the language used by

5

Ocwen Loan was deceptive. Rather, the question is whether the communication by this corporate entity contained the statutorily required disclosures.

In support of its argument that the voice mails were not required to contain disclosures, Ocwen Loan asks this Court to follow the reasoning of the Ninth Circuit in *Pressley v. Capital Credit & Collection Serv.*, 760 F.2d 922 (9th Cir. 1985) (per curiam), which determined that once a debt collector identifies itself as such in an initial communication, it need not repeat the disclosure in any follow-up communications. *Id.* at 925. However, the Sixth Circuit has rejected the *Pressley* approach by holding that subsection 1692e(11) applies to all communications, including follow-up notices. *Frey v. Gangwish*, 970 F.2d 1516, 1520 (6th Cir. 1992) (citing *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26-27 (2d Cir. 1989)). Numerous courts have similarly rejected the reasoning in *Pressley* as being unsound. *See, e.g.*, *Tolention v. Friedman*, 46 F.3d 645, 650 (7th Cir. 1995); *Carroll v. Wolpoff v. Abramsom*, 46 F.2d 459, 461 (4th Cir. 1992); *Pipiles*, 886 F.2d at 26-27. In declining to follow *Pressley*, the *Frey* court remarked that (1) "the plain language of the statute applies to 'all communications,'"[1] without providing an exception for follow-up notices; (2) the requirement that all communications contain the disclosures serves the purpose of the statute by providing the necessary information in the event that the first communication is not received by the consumer; and (3) even if repetition of the disclosures fails to serve a discernible purpose, Congress

---

[1] The original language of subsection 1692e(11) prohibited "the failure to disclose clearly in *all communications* made to collect a debt or to obtain information about a consumer, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Pub. L. No. 95-109 § 807, Sept. 20, 1977, 91 Stat 874, 877 (1977) (emphasis added). But, the current language, which was changed in a 1996 amendment, Pub. L. No. 104-208, Title II, § 2305(a), Sept. 30, 1996, 110 Stat. 3009-425, does not change the disposition of this analysis. The statute, as currently written, expressly requires disclosure in the initial and subsequent communications. *See Masciarelli v. Richard J. Boudreau & Assocs., LLC*, 529 F. Supp. 2d 183, 186 (D. Mass. 2007).

is permitted to adopt a margin of safety in order to meet its remedial goal. *Id.* (citing *Pipiles*, 886 F.2d at 27). Thus, a voice mail must state that the speaker is a debt collector, regardless of whether it follows the receipt of an initial letter. *See Masciarelli v. Richard J. Boudreau & Assocs., LLC*, 529 F. Supp. 2d 183, 186 (D. Mass. 2007); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005).

According to Wright's complaint, she received voice mails from Ocwen Loan following the transmission of her letter of November 30, 2011 and continuing even after she filed a lawsuit in October 2012. She claims that all of Ocwen Loan's voice mails consisted of the following statements: "This call is from Ocwen [Loan].  Please give us a call back at 1-800-746-2936. Thank you and have a nice day." Ocwen Loan does not dispute that (1) the voice mails constitute subsequent communications, and (2) its messages did not include any representation that it is a debt collector. Accordingly, and based upon the facts in this case as well as those published cases that touch upon the subject, Ocwen Loan's motion to dismiss Wright's § 1692e(11) claim is denied.

B.      Violation of 15 U.S.C. § 1692g(a), (b)

Wright contends that Ocwen Loan violated 15 U.S.C. § 1692g(a), (b) by failing to honor her request for verification of the debt and continuing to seek collection of the debt despite her request. Ocwen Loan counters that Wright previously received a verification of the debt from Trott & Trott and is not entitled to a second.

The gravamen of Wright's claim appears to be a violation of § 1692g (b), which provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof,

> until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g (b). Ocwen Loan does not dispute that (1) Wright requested verification, (2) she did not receive a response, and (3) Ocwen Loan continued its collection attempts. Instead, Ocwen Loan contends that Wright is not entitled to a second validation period under § 1692g (a) if she received a prior notice.

Section 1692g (a) requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall" provide notice of the amount of the debt, the name of the creditor, and the debtor's right to dispute or obtain verification of the debt. 15 U.S.C.§ 1692g (a). Ocwen Loan contends that the word "the" in the phrase "the initial communication" implies that Congress intended only a single "initial communication" to any debtor. Under this interpretation, a debtor is only entitled to a validation notice and a 30-day request period from the first debt collector to communicate with the debtor. Any communications from subsequent debt collectors are not considered "the initial communication" and therefore do not fall within the ambit of this statute. In support of this argument, Ocwen Loan cites to a number of courts that have followed this interpretation. *See, e.g.*, *Oppong v. First Union Mortg. Corp.*, 566 F. Supp. 2d 395, 403-04 (E.D. Pa. 2008) aff'd, 326 F. App'x 663 (3d Cir. 2009); *Nichols v. Byrd*, 435 F. Supp. 2d 1101, 1106 (D. Nev. 2006); *Senftle v. Landau*, 390 F. Supp. 2d 463, 473 (D. Md. 2005).

The Court respectfully disagrees with this reasoning. The statute refers to "the initial communication" from "a debt collector." 15 U.S.C.§ 1692g (a). It is impossible to determine simply from a reading of this language whether it refers only to the initial communication from the first debt

collector to contact the debtor or to the initial communication from each debt collector. Courts that have recognized this ambiguity have turned to an examination of the purpose of the FDCPA for further clarification. *See, e.g.*, *Robinson v. Nationstar Mortg., LLC*, No. 2:12-cv-718, 2012 WL 5596421, at *4 (S.D. Ohio Nov. 15, 2012); *Stair v. Thomas & Cook*, 254 F.R.D. 191, 196 (D.N.J. 2008); *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 WL 1685698 (E.D. Va. June 12, 2006). As noted by the *Robinson* court, the purpose of this provision is to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *Robinson*, 2012 WL 5596421, at *5 (quoting S. Rep. 95-382, 1977 WL 16047, at *4 (Aug. 2, 1977). To impose the validation requirement only on the first debtor collector to seek to collect on the debt would undercut this goal. *Id.*; *see also Stair*, 254 F.R.D. at 196 ("Numerous courts have recognized that the FDCPA's purpose - to eliminate abusive debt collection practices - would be undermined if subsequent debt collectors were excused from complying with the requirements contained in section 1692g." (internal quotation marks and citations omitted)). In the absence of binding precedent from the Sixth Circuit, and in light of the fact that the statutory language is capable of multiple meanings, the Court finds this latter interpretation persuasive and will hold that § 1692g(a) must be read to refer to all debt collectors. As a result, Ocwen Loan's motion to dismiss this claim is denied.

    C.    <u>Violation of 15 U.S.C. §1692c(a)(2)</u>

In her complaint, Wright alleges that Ocwen Loan contacted her after it became aware that she is represented by an attorney, in violation of §1692c(a)(2). The language of this provision states as follows:

> Without prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not

>communicate with a consumer in connection with the collection of any debt . . .
>
>(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer. . .

15 U.S.C. §1692c(a)(2). In order to establish a violation of this provision, Wright must establish that (1) she was represented by an attorney with respect to the debt; (2) Ocwen Loan knew that she was represented; (3) Ocwen Loan communicated with her, and (4) Ocwen Loan did not have authorization to communicate with her. *Montgomery v. Shermeta, Adams & Von Allmen, P.C.*, 885 F. Supp. 2d 849, 855 (W.D. Mich. 2012).

In its motion, Ocwen Loan first improperly attempts to argue the merits of this issue by claiming that it did not have actual or imputed knowledge of the fact that Wright was represented by an attorney. The issue of whether Ocwen Loan knew that Wright is represented by an attorney is a question of fact. *Montgomery v. Shermeta, Adams & Von Allmen, P.C.*, 885 F. Supp. 2d 849, 855 (W.D. Mich. 2012) ("Whether a consumer was represented by counsel with respect to a debt and whether the debt collector knew that a consumer was represented by counsel is . . . a question of fact."). When considering a motion to dismiss, the Court will not weigh the factual issues. Here, Wright has alleged that on October 10, 2012 she filed a lawsuit against Ocwen Loan regarding the collection of her debt. On the same day, Ocwen Loan was served with the complaint, which contained the name and address of Wright's attorney. She further alleged that Ocwen Loan continued to call her after receiving the complaint. The voicemails instructed Wright to call Ocwen Loan, undoubtedly to discuss her loan. These allegations are sufficient to survive a motion to

dismiss.

Ocwen Loan next contends that Wright has failed to allege that the voicemails were left "in connection with the collection of a debt" as required to implicate this provision. In her complaint, Wright alleged that the content of the voicemails is as follows: "This call is from Ocwen Loan Servicing. Pleas give us a call back at [telephone number]. Thank you and have a nice day." (Compl. ¶ 14). Ocwen Loan asserts that these facts are insufficient to indicate that the voicemails constitute an attempt to collect on the debt. As an initial matter, the Court notes that "whether a communication was sent 'in connection with' an attempt to collect a debt is a question of objective fact, to be proven like any other fact." *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 385 (7th Cir. 2010) (quoting *Ruth v. Triumph Partnerships*, 577 F.3d 790, 798 (7th Cir. 2009)). Moreover, the fact that the voicemail does not request payment is not dispositive. The voicemail itself need not be an attempt to collect on the debt. A communication "that is not itself a collection attempt, but that aims to make such an attempt more likely to succeed, is one that has the requisite connection." *Grden*, 643 F.3d at 173 (interpreting identical language in 1692e). Here, the only connection between Ocwen Loan and Wright is her debt, and it is certainly likely that Ocwen Loan called Wright to discuss the repayment of her debt. Ocwen Loan's motion to dismiss this claim is denied.

IV.

For the reasons discussed above, Ocwen's motion to dismiss Wright's complaint (ECF No. 7) is denied.

IT IS SO ORDERED.

Date: October 7, 2013        s/Julian Abele Cook, Jr.
                             JULIAN ABELE COOK, JR.
                             U.S. District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 7, 2013.

                             s/ Kay Doaks
                             Case Manager